OPINION OF THE COURT
Vincent G. Bradley, J.
A motion in the above-captioned matter was hereby as *297 signed to this court by order of Deputy Chief Administrative Judge Robert J. Sise on December 22, 1986.
In this proceeding brought pursuant to article 7 of the Real Property Tax Law, petitioners challenge the assessment of their real property in the Town of Clinton as established by the town assessor and the Town Board of Assessment Review for the 1986 tax year. This dispute has arisen because of differing interpretations of how sections 301 and 302 of the Real Property Tax Law operate in conjunction with each other for the purposes of determining the annual assessment roll. Section 301, which became effective January 1, 1986, provides that "[a]ll real property subject to taxation, and assessed as of a March first taxable status date, shall be valued as of the preceding first day of January.” Section 302, which also became effective January 1, 1986, provides that the taxable status date for the assessment of real property shall be March 1st of each year. It is on this date that the assessor makes a determination as to whether the subject parcel of real property is completed, partially completed, vacant, etc.
Respondents made the determination, which is not disputed by petitioners, that as of the taxable status date of March 1, 1986, the home was fully constructed. Respondents base this determination on the fact that the town building inspector had issued petitioners a certificate of occupancy on February 26, 1986. It is also apparently not disputed that as of the valuation date of January 1, 1986, the home was only 70% complete. Petitioners claim that, based on these facts, sections 301 and 302, when read together, provide that the home must be assessed at a value which is equal to 70% of its value when fully constructed. Respondents maintain, on the other hand, that sections 301 and 302 require that the parcel be assigned the value it would have had had it been fully completed as of the valuation date of January 1, 1986.
In addressing this issue, the court notes that this question is apparently one of first impression. Despite the lack of any case authority or legislative history revealing the intent underlying the enactment of the sections, however, the court concludes that respondents’ interpretation is clearly the correct one. These sections plainly require that the taxable status of the property must first be determined before the property is assigned an assessed value as of the valuation date, and that the taxable status must be taken into account in determining the value. Petitioners’ interpretation, however, in effect requires that the taxable status of the property on March 1 be *298 ignored and that the assessed value be calculated with reference to its status on January 1. This interpretation is, therefore, contrary to the plain requirements of these statutes.
Accordingly, petitioners’ argument is without merit and the petition must be dismissed.